IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSE ELIAS SEPULVEDA,

     Plaintiff,

v.                                                    CASE NO. 1:20-cv-265-AW-GRJ

CALEB SEPULVEDA, SR.,
*et al*.,

     Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Jose Elias Sepulveda, a federal inmate confined at FCI

Coleman, initiated this case by filing a complaint, ECF No. 1, and paying

the filing fee, ECF No. 5. Plaintiff failed to use this Court's form for *pro se*

inmate complaints. The Court ordered Plaintiff to file an amended

complaint on the Court's form. ECF No. 3. This case is now before the

Court on ECF No. 4, Plaintiff's Amended Complaint. Plaintiff again failed to

use the Court's form. Pursuant to Fla. N.D. Loc. R. 5.7(A), "[t]he Court

need not—and ordinarily will not—consider a petition, motion, or complaint

that is not filed on the proper form." Plaintiff is aware of the local rule

because he filed a previous case, *Sepulveda v. Sepulveda,* Case No. 1:19-

cv-183-AW-GRJ, in which the Court informed him of the rule. Plaintiff also

refused to comply in that case. *See Sepulveda,* Case No. 1:19-cv-183,

ECF No. 6.  In view of Plaintiff's repeated disregard of the local rules and court orders, this case is due to be dismissed for failure to comply with an order of the Court.  Further, upon screening of the Amended Complaint the Court has determined that it is frivolous.  Therefore, for the following reasons, it is respectfully recommended that the Amended Complaint be dismissed for failure to comply with an order of the court and as frivolous.

As background, Plaintiff is serving a life sentence in the custody of the Bureau of Prisons pursuant to a judgment of conviction entered in *United States v. Sepulveda,* Case No. 1:88-cr-1026-MW-GRJ-6, ECF No. 3022 (N.D. Fla. Feb. 9, 1999).  Plaintiff was convicted of conspiracy to import and conspiracy to possess with intent to distribute marijuana, hashish oil, and cocaine between 1976 and 1993.  Plaintiff's conviction was affirmed on appeal, and his efforts to secure postconviction relief have been unsuccessful.  *See Sepulveda*, Case No. 1:88-cr-1026-MW-GRJ-6, ECF Nos. 3321, 3514, 3554, 3562.[1]

The instant Complaint stems from Plaintiff's criminal conviction and sentence.  Plaintiff alleges that subject matter jurisdiction is based on diversity of citizenship because he was a citizen of Puerto Rico prior to his

---

[1] Plaintiff recently filed a counseled motion for sentence reduction pursuant to the First Step Act which is pending before the Court.  *See* Case No. 1:88-cr-1026-MW-GRJ-6, ECF No. 3575.

arrest and conviction, and the named Defendants are citizens of the State of Florida.  Plaintiff sues his father, Caleb Sepulveda Sr., his brother, Caleb Sepulveda III, and his stepmother, Miosoti Sepulveda, for compensatory and punitive damages allegedly caused by Plaintiff's participation in Caleb Sepulveda Sr.'s criminal activities, which included a numbers racket and drug dealing.  Plaintiff alleges that Caleb Sepulveda Sr. executed an affidavit in 2017 in which he apologized for the harm and financial losses to Plaintiff and said that he wanted to pay for Plaintiff's attorneys fees and compensate him for his pain and suffering.  Plaintiff alleges that his father is incompetent, and that his brother and stepmother are not honoring his father's wishes by paying Plaintiff's attorneys fees and other expenses out of his father's assets.  Plaintiff alleges that his father's 2017 affidavit is a "legal binding agreement" and that Caleb Sepulveda III and Miosoti Sepulveda are obligated to comply with the agreement.  For relief, Plaintiff seeks $10 million in compensatory and $20 million in punitive damages against each defendant.  ECF No. 4.

Although Plaintiff is incarcerated in Florida, there is authority for the proposition that a "prisoner does not acquire a new domicile in the place of his imprisonment but retains the domicile he had prior to incarceration." *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973) (citation

omitted). The Court accepts Plaintiff's assertion regarding diversity

jurisdiction for the limited purpose of dismissing this case as frivolous.[2]

Since Plaintiff has paid the full filing fee, and the named Defendants

are not governmental entities, his Complaint is not subject to the screening

provisions of the *in forma pauperis* statute or the Prison Litigation Reform

Act, 28 U.S.C. §§ 1915(d)(2) and 1915A. *See Lawson v. Secretary, Dept.*

*of Corr.*, 454 Fed.Appx. 706, 2011 WL 4840955 **2 (11th Cir. 2011)

(unpublished). Nevertheless, "a district court has the inherent power to

dismiss an action that is 'so patently lacking in merit as to be frivolous.'"

*Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting*

*Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d

524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x

231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to

---

[2] The allegations of the Amended Complaint do not establish that the Northern District is the proper venue for this case. Venue is proper in a civil action in a judicial district: (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Plaintiff's Amended Complaint suggests that Caleb Sepulveda Sr. resides in Kissimmee, Florida, within the Middle District. It is unclear where the other defendants reside. Determining proper venue is another reason why the Court requires *pro se* parties to complete the Court's complaint form. Because the Amended Complaint is due to be dismissed as frivolous in any event, the Court will not undertake to determine whether any defendant resides in this District or whether the Complaint should have been filed in the Middle District. The interests of justice would not favor transfer.

dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))*.*

Here, Plaintiff has failed to identify a cognizable legal theory under which Defendants could plausibly be liable to him for the claimed damages. To the extent that Plaintiff claims his father's influence as a parent led Plaintiff into a life of crime and incarceration as an adult, the Court has identified no authority recognizing a viable claim for tort damages under similar circumstances.  Moreover, Plaintiff's judgment of conviction in his underlying criminal case was entered more than 20 years ago, and any tort claim stemming from that conviction would be barred by Florida's four-year statute of limitations for actions founded on negligence.  *See* Fla. Stat. § 95.11(3).

Plaintiff's allegations, liberally construed, suggest that he may be attempting to assert a claim for breach of contract or promissory estoppel arising from his father's 2017 affidavit.  The Court takes judicial notice that the affidavit relied on by Plaintiff was previously submitted in Plaintiff's criminal case in connection with his motion for relief from judgment.  *See* ECF No. 4 at 15-17; Case No. 1:88-cr-1026-MW-GRJ-6, ECF No. 3556-15 at 1-3.  In the 2017 affidavit, Caleb Sepulveda Sr. expresses regret for the fact that Plaintiff "has done my prison time" and pleads for his son's release.  Caleb Sepulveda Sr. states that he is "here to try to pay [Plaintiff] back and support him financially, so he could have all he needs without any government help" in the event of his release.  He states that if Plaintiff is released from prison "he will not be a burden on the Tax payers, since I have the funds to pay for [Plaintiff's] own home and business.  This is my desire and pledge and the least I could do to help [Plaintiff] establish himself, after all the pain I have cause [Plaintiff] since he was a child. Additionally, I have pledge [sic] to continue paying for [Plaintiff's] attorneys expenses in this case."  *Id.*

Under Florida law, which the Court applies in this diversity case, a plaintiff must assert the existence of the following three elements to state a claim for breach of contract: (1) the existence of a contract, (2) a breach of

the contract, and (3) damages resulting from the breach. *See, e.g., Bray &*
*Gillespie Mgmt. LLC v. Lexington Ins. Co.,* 527 F.Supp.2d 1355, 1365
(M.D. Fla. 2007).  In this case, any claim for breach of contract fails on the
first element. To establish the existence of a contract, Plaintiff must
demonstrate that his father's 2017 affidavit reflects the requisite elements
of a contract: an offer, an acceptance, and consideration. *See Med–Star*
*Cent., Inc. v. Psychiatric Hosp. of Hernando Cnty., Inc.,* 639 So.2d 636,
637 (Fla. 5th DCA 1994).  Nothing in Plaintiff's factual allegations or in the
2017 affidavit supports a conclusion that Caleb Sepulveda Sr.'s averments
amount to a contract to compensate Plaintiff for his conviction and
continued incarceration.  The affidavit can only be read as Caleb
Sepulveda Sr.'s representation to the Court that Plaintiff would have
financial support in the event he were released from prison.  *See* ECF No.
4 at 15-17.  There are no averments in the affidavit that reflect any intent by
Sepulveda Sr. to form a binding contract with his son, and Plaintiff does not
identify any specific consideration to support his father's alleged promises
regarding compensating Plaintiff and paying his attorneys fees.  *See id.*[3]

---

[3] "The consideration required to support a simple contract need not be money or
anything having monetary value, but may consist of either a benefit to the promisor or a
detriment to the promisee . . . Indeed, there is a consideration if the promisee, in return
for the promise, does anything legal which he is not bound to do, or refrains from doing
anything which he has a right to do, whether there is any actual loss or detriment to him
or actual benefit to the promisor or not." *Dorman v. Publix-Saenger-Sparks Theatres,*

In the same vein, Plaintiff's allegations do not establish the requisite elements for a promissory-estoppel claim. "A mere gratuitous promise of a future gift, lacking consideration, is simply unenforceable as a *nudum pactum*. [However,] [w]hen the gratuitous promise is coupled with an inducement for others to subscribe, the promise is no longer void on its face." *Mount Sinai Hosp. of Greater Miami, Inc. v. Jordan,* 290 So.2d 484, 486 (Fla.1974). Florida law follows the Restatement (Second) of Contracts, Section 90, regarding the basic elements of promissory estoppel. *See Friends of Lubavitch/Landlow Yeshivah v. N. Trust Bank of Fla.,* 685 So.2d 951, 952 (Fla. 3d DCA 1996). As explained in Section 90 of the *Restatement,* "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Friends of Lubavitch,* 685 So.2d at 952 (quoting *Restatement (Second) of Contracts,* Section 90 (1979)).  Here, there are no factual allegations showing that Caleb Sepulveda Sr.'s affidavit induced any action or forbearance by Plaintiff such that an injustice would occur if the alleged promises were not enforced.

---

135 Fla. 284, 290–91, 184 So. 886 (Fla.1938).

It also is apparent that Plaintiff cannot cure the deficiencies in his Complaint by amendment. Although courts "should freely give leave [to amend a pleading] when justice so requires," Fed R. Civ. P. 15(a)(2), an action may be dismissed in full "if a more carefully drafted complaint could not state a claim." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). A more carefully drafted complaint in this case would still not allege a recognized cause of action against any of the named Defendants stemming from the averments made by Caleb Sepulveda Sr. in support of his son's postconviction motion.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed *sua sponte* for failure to comply with an order of the Court and as frivolous.

**IN CHAMBERS** this 21st day of May 2021.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.